IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| SHERRY PRIVETTE, ) | |
| ) | C/A No.: 6:04-1554-MBS-WMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND** |
| JOANNE B. BARNHART, ) | **O R D E R** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Sherry Privette filed an application for disability insurance benefits on June 5, 2002. Her application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). After a hearing held December 12, 2002, the ALJ issued a decision dated January 20, 2004, denying benefits. In support of this denial, the ALJ concluded Plaintiff's impairments do not prevent her from performing her past relevant work. The decision of the ALJ became the "final decision" of the Commissioner on March 12, 2004, when it was adopted by the Appeals Council on April 9, 2004. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation. On June 28, 2005, the Magistrate Judge filed a Report of Magistrate Judge in which he recommended that the Commissioner's decision to deny benefits be reversed and that Plaintiff be awarded benefits. ("Magistrate Judge's Report"). The Commissioner filed objections to the Magistrate Judge's Report on July 12, 2005 ("Commissioner's Objections"). Plaintiff filed a response to the Commissioner's

objections on August 1, 2005 ("Plaintiff's Response to Objections").

The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## FACTS

Plaintiff was born on October 21, 1965, and was 38 years old at the time of the ALJ's decision in this case. (Tr. 23). She claims disability based upon chronic fibromyalgia and polyarthritis. (Tr. 70). Fibromyalgia is a musculoskeletal disorder that causes pain in the muscles, ligaments and tendons. STEDMAN'S MEDICAL DICTIONARY 671 (27th ed. 2000). The American College of Rheumatology has established diagnostic criteria that include a history of widespread pain and pain in at least 11 of 18 tender (or "trigger") point sites. Id. Otherwise, the symptoms of fibromyalgia are entirely subjective, and there are no laboratory tests to identify its presence or severity.

Plaintiff has received regular medical treatment for several years from Dr. Frank Harper. His notes indicate that Plaintiff suffers from widespread pain, sleep disorder, cognitive dysfunction, and irritable bowel syndrome. (Tr. 151; 154; 195; and 199). In addition, Dr. Harper found over the course of treatment that Plaintiff had pain in 12 to 14 of the trigger point sites, which is a sufficient number of trigger points for a fibromyalgia diagnosis. (Tr. 116). Dr. Harper's opinion is consistent with the clinical observations of Dr. Niemer, a board certified rheumatologist. (Tr. 123-131).

## DISCUSSION

**Treating Physician's Opinion**

As her first objection, the Commissioner claims that the Magistrate Judge improperly

2

concluded that the ALJ erred in rejecting treating physician Dr. Frank Harper's opinion that Plaintiff was disabled due to fibromyalgia. Commissioner's Objections at 1. The Commissioner argues that conflicting evidence exists in the administrative record regarding Plaintiff's ability to work and contends that "the ALJ considered all of the evidence of record, determined that Plaintiff was not disabled, and gave specific reasons for not giving significant weight to Dr. Harper's opinion." Id. at 2. In support of this approach, the Commissioner cites the case of Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000), for the general proposition that the treating physician's opinion does not automatically control since the ALJ must evaluate the record as a whole. Id. In response to the Commissioner's first objection, Plaintiff contends that the opinion of the treating physician should have been given controlling weight in accordance with Fourth Circuit precedent and Social Security Regulations. Plaintiff's Response to Objections at 1.

In the Fourth Circuit, a treating physician's opinion on the issues of the nature and severity of the claimant's impairments should be given controlling weight if that opinion is well-supported by clinical evidence and is not inconsistent with the other substantial evidence in the record. See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). As previously noted, in the case of fibromyalgia, an examiner must look beyond standard clinical and laboratory tests and consider, *inter alia*, whether the patient has (1) a history of pain and (2) pain in at least 11 of 18 trigger points. STEDMAN'S MEDICAL DICTIONARY 671 (27th ed. 2000).

Although the ALJ weighed the opinion of Plaintiff's treating physician against opinions from other doctors, including state agency medical consultants, he did not give controlling weight to the opinion of the treating physician. In the first instance, the ALJ relied upon the opinions of two state agency medical consultants in support of his conclusion that Dr. Harper's opinion should be discounted. These consultants, however, only reviewed Plaintiff's medical records and did not

examine Plaintiff. In addition, the consultants did not cite specific facts to support their opinions. Although the consultants concluded that Plaintiff was able to work, these opinions do not undermine Dr. Harper's opinion because they do not offer contradictory clinical evidence.

In addition, the Commissioner claims that the ALJ properly relied on the opinion of Dr. Niemer, a rheumatologist who "never placed any functional restrictions on Plaintiff's activities and never opined that she was incapable of working." Commissioner's Objections at 2. This argument is unavailing. Dr. Niemer's opinion is silent on the issue of whether Plaintiff is capable of working. (Tr. 116-123). If Dr. Niemer disagreed with Dr. Harper's opinion and felt that Plaintiff could work, he could have indicated this belief in his report. His silence cannot be used as evidence that his opinion contradicted Dr. Harper's opinion.

In the absence of substantial contradictory evidence in the record, Dr. Harper's opinion should have been given controlling weight. Dr. Harper has treated Plaintiff for several years. He has been able to establish a history of pain in the requisite trigger points and is best-suited to opine regarding Plaintiff's capacity to work. The ALJ erred in weighing Dr. Harper's opinion equally with the opinions of the state consultants and in failing to give Dr. Harper's opinion controlling weight.

**Contradictory Substantial Evidence**

As her second objection, the Commissioner claims that the Magistrate Judge improperly ignored persuasive evidence that contradicts Dr. Harper's opinion of disability. Commissioner's Objections at 2-3. Citing Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990), the Commissioner argues that Plaintiff cannot allege that her illness was disabling because she continued to work for approximately nine months after being diagnosed. Id. at 3. It is true that a claimant cannot allege that an impairment is disabling if she continues working with it for a period of time. Id. at 238.

Nevertheless, a claimant is not precluded from claiming a disability that progressively grew worse or was aggravated by continuing work. A claimant's unsuccessful efforts to continue working with her illness should not, in and of itself, serve as a bar to her claim of disability. As discussed in the Magistrate Judge's Report, Plaintiff's claim that she was unable to continue working is supported by substantial evidence. Magistrate Judge's Report at 5-9.

Citing Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986), the Commissioner further argues that Plaintiff cannot allege that her illness was disabling because her medication helped to alleviate her discomfort and helped stabilize her symptoms. Commissioner's Objections at 3. Gross states that a condition is not disabling if it can be reasonably controlled by medication. Id. at 1166. Where a claimant still experiences significant pain and discomfort even with medication, Gross does not preclude the claimant from alleging disability. Id. As discussed in the Magistrate Judge's Report, Plaintiff's claim that she was disabled even after receiving some medication for her illness is supported by substantial evidence. Magistrate Judge's Report at 5-9. Finally, the Commissioner cites the opinions of two State agency medical consultants who opined that Plaintiff was capable of performing the minimal exertional requirements of light work. Commissioner's Opinion at 3. The Commissioner also cites the opinion of Dr. Niemer. Id. As discussed *supra*, these opinions do not directly contradict the opinion and findings of Dr. Harper.

**Credibility of Plaintiff's Testimony**

As her third objection, the Commissioner argues that the Magistrate Judge was incorrect when he determined that the ALJ erred in finding Plaintiff's testimony not credible. Id. at 4. The Commissioner contends that there was a lack of objective medical evidence substantiating Plaintiff's allegation of disability, and that this fact, along with "other reasons" in the record, allowed the ALJ

to properly determine that Plaintiff was not credible.  Id.  An ALJ is generally given wide discretion to determine the claimaint's credibility  and the weight that should be accorded her testimony.  See Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994).  Nevertheless, a court may question  the ALJ's determination if it is based on evidence that does not contradict Plaintiff's testimony.

In this case, as noted by the Commissioner, Plaintiff reported that she was able to engage in certain daily activities, including caring for her personal needs, supervising her children, attending church twice a week, and doing some household chores.  (Tr. 147).  She also testified that she had taken an automobile trip to Alabama within the last year.  (Tr. 40).  The Commissioner claims that these admissions contradict Plaintiff's testimony that she only was able to engage in limited daily activities and was able to sit only  for about an hour at a time.  Commissioner's Objections at 4-5.  The court finds that the examples cited by the Commissioner do not contradict Plaintiff's testimony regarding the severity of her disability.  Even if Plaintiff is able to engage in certain limited activities, this does not mean that she is able to work on a continuous and full-time basis.  As such, Plaintiff's testimony is not contradicted by other substantial evidence in the record.

**Scope of Judicial Review**

As her final objection, the Commissioner contends that the Magistrate Judge inappropriately re-weighed the evidence in this case, thereby exceeding the scope of judicial review permitted by 42 U.S.C. § 405(g).  This statute provides, in relevant part, that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. § 405(g).  Although a reviewing court should not re-weigh the evidence in a case, it is charged with making assessments about whether the ALJ's decision was supported by substantial evidence. See Huston v. Bowen, 838 F.2d 1125, 1127 (10th Cir. 1988).  The Magistrate Judge found that the

ALJ's decision was not supported by substantial evidence. For reasons stated above and enumerated in the Magistrate Judge's Report, this court agrees.

After a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and incorporates it herein. The record does not contain substantial evidence supporting the Commissioner's decision, and reopening the record for more evidence would serve no purpose. Pursuant to Breeden v. Weinberger, 493 F.2d 1002 (4th Cir. 1974), it is ORDERED that the Commissioner's decision to deny benefits be **reversed** and that Plaintiff be awarded benefits.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

September 26, 2005

Columbia, South Carolina